UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK LAMONT MATTHEWS a/k/a FREDERICK MATTEWS, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 19-1164-JDT-cgc |
| TENNESSEE DEPARTMENT OF CORRECTION, ET AL., | ) ) ) | |
| Defendants. | ) ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

The Court issued an order on November 15, 2019, partially dismissing the complaint filed by the *pro se* prisoner Plaintiff, Frederick Lamont Matthews, finding that Matthews had stated a claim against the remaining Defendant, Michael Cain. (ECF No. 7.) However, process could not be issued because Matthews did not know Cain's current location. (ECF No. 1 at PageID 2.) The Court therefore directed the Clerk to issue a third-party subpoena directing the Tennessee Department of Correction (TDOC) to provide either Cain's last known home address and telephone number or his current place of employment. (ECF No. 7 at PageID 44-45.) In compliance with the subpoena, the TDOC provided Cain's last known contact information. (ECF No. 9.)

Process was issued for Cain using the home address provided by TDOC, but the summons was returned unexecuted by the U.S. Marshal with the envelope marked "recipient moved." (ECF No. 12 at PageID 62.) Consequently, on March 20, 2020, the Court ordered Matthews to provide

to the Court, within thirty days, any additional information he may have concerning Defendant Cain's current location. (ECF No. 13.) Matthews was warned that failure to provide further information could result in the dismissal of the case for failure to serve process. (*Id.*)

Matthews has submitted no other information regarding Defendant Cain, and the time within which to do so has expired. Therefore, this case is DISMISSED WITHOUT PREJUDICE in its entirety.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Matthews would not be taken in good faith.

A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to pay the $505 appellate filing fee using the installment procedures in the Prison Litigation Reform Act (PLRA), §§ 1915(a)-(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. Therefore, Matthews is instructed that if he files a notice of appeal and wishes to use the installment procedures to pay the appellate filing fee, he must comply with the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                        s/ **James D. Todd**
                                                        JAMES D. TODD
                                                        UNITED STATES DISTRICT JUDGE